# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUANITA S. LOPEZ, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-13-425-D |

## ORDER

This matter is before the Court on Plaintiff's response to the Court's Order dated January 6, 2014 [Doc. No. 14], directing Plaintiff to show cause for the lack of timely service on the Defendants Mai Xuyen T. Nguyen, individually and doing business as Bottoms Up Mexican Grill ("Nguyen"); South Penn Cigarettes, Inc., doing business as Bottoms Up Mexican Grill (South Penn Cigarettes"); and Defendant Rosa Garcia, individually and doing business as Mexican Bar & Grill Nuevo Leon, LLC ("Garcia).[1]

As an initial matter, Plaintiff states in its response [Doc. No. 17] that there is "no reason to believe that Defendant Mai Xuyen [Nguyen] is a responsible party" and, therefore, that Plaintiff does not object to her dismissal from the action. To date, no defendant has answered or moved for summary judgment. Therefore, Plaintiff may voluntarily dismiss its action against Defendant Nguyen pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) by simply filing notice of the dismissal. No action

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides:

If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

of the Court is required. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). The Court, however, will construe Plaintiff's response to the order to show cause as such a notice.

As to Defendant South Penn Cigarettes, Plaintiff provides no response whatsoever for failing to effect service. Plaintiff has not, therefore, shown good cause. As to Defendant Garcia, Plaintiff makes no specific statements about efforts to effect service. Instead Plaintiff states that "[i]t has been exceedingly difficult to determine who has ownership in this particular bar." Plaintiff attaches an affidavit of the only defendant who has been served to date, Juanita S. Lopez. Ms. Lopez denies any ownership interest in either the Bottoms Up Mexican Grill or the Mexican Grill & Bar Nuevo. She further states that an individual named Tony Garcia is possibly the current owner of the bar and that Rosa Garcia is his sister. While Plaintiff notes attempts to identify Tony Garcia, no similar attempts are referenced as to Defendant Rosa Garcia. Significantly, the Court notes the Lopez affidavit is dated September 2013 and, therefore, Plaintiff has had this information in its possession for nearly five months now.

Plaintiff has failed to show good cause for failing to effect timely service. Other than obtaining the affidavit of Juanita Lopez in September 2013, Plaintiff identifies no specific steps it has taken to further identify the defendants or effect service of process. Plaintiff makes only conclusory assertions that it has "attempted to track down the owners and operators" of the bar. *See In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (for purposes of Rule 4, "good cause" is to be interpreted narrowly and does not encompass inadvertence or neglect; instead, plaintiff must show "meticulous efforts to comply with the rule").[2]

---

[2] Plaintiff's repeated practice of failing to effect timely service in actions filed in this judicial district was noted in a recent Order issued by United States District Judge Tim Leonard. *See J&J Sports Productions, Inc. v. Josefina Sianez Rodriguez, et al.*, Case No. CIV-13-978-L (W.D. Okla. Jan. 24, 2014). As Judge Leonard stated in that Order: "Plaintiff and its counsel have been sufficiently warned of the consequences of the continual failure to

Despite Plaintiff's failure to show good cause for a mandatory extension of time under Rule 4(m), the Court must further consider whether a permissive extension of time is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). At this time, the case remains in its preliminary phase and no deadlines have been set. Under these circumstances, Plaintiff is granted a thirty-day extension of time within which to serve Defendants South Penn Cigarettes and Garcia.

IT IS THEREFORE ORDERED that the Court extends the time limit for service pursuant to Rule 4(m) and directs Plaintiff to effect service of process on Defendant South Penn Cigarettes, Inc., doing business as Bottoms Up Mexican Grill, and Defendant Rosa Garcia, individually and doing business as Mexican Bar & Grill Nuevo Leon, LLC within 30 days from the date of this Order.

IT IS FURTHER ORDERED that, based on Plaintiff's voluntary dismissal, Defendant Mai Xuyen T. Nguyen, individually and doing business as Bottoms Up Mexican Grill is dismissed without prejudice.

IT IS SO ORDERED this 5th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

monitor and to prosecute plaintiff's cases."